IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DEXTER WRIGHT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **4:24-cv-00152** |
| | § | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3,** | § § § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3 ("Wells Fargo as Trustee") hereby removes this action from the 17th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division. In support of such removal, Wells Fargo as Trustee respectfully shows the Court as follows:

### I.   STATE COURT ACTION

1.   On February 5, 2024, Plaintiff Dexter Wright ("Wright") filed his Verified Original Petition and Request for Temporary Restraining Order (the "Complaint") in the 17th Judicial District Court of Tarrant County, Texas, in an action styled *Dexter Wright v. Wells Fargo Bank,*

*National Association as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3*, under Cause No. 017-349947-24 (the "State Court Action").

2. According to the Complaint, Wright filed the State Court Action solely to stop Wells Fargo as Trustee from foreclosing on real property located at 2855 Gillespie Lane, Grand Prairie, Texas 75052 (the "Property").[1] Wright asserts claims for declaratory judgment and violations of the Texas Debt Collection Act ("TDCA") and seeks unspecified actual damages, injunctive relief preventing foreclosure, statutory damages, attorney's fees, pre- and post-judgment interest, court costs, an accounting, and a declaratory judgment premised on his contention that the statute of limitations to foreclose on the Property has expired.[2]

3. The state court issued an *ex parte* temporary restraining order on February 5, 2024.

4. Wells Fargo as Trustee has not yet been properly served. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).[3]

5. As discussed below, Wells Fargo as Trustee removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a)(2), 1441.

7. The United States for the Northern District of Texas, Fort Worth Division has original jurisdiction over this action based on diversity jurisdiction, as set forth below.

8. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following:

---

[1] Compl., ¶¶ 2, 15–16
[2] Compl., ¶¶ 19–28, 40–58–61, Prayer.
[3] Nevertheless, this Notice of Removal is filed within 30 days of the suit's filing.

| **Exhibit A** | Index of Matters Being Filed. |
|---|---|
| **Exhibit B** | Civil Cover Sheet. |
| **Exhibit C** | Supplemental Cover Sheet. |
| **Exhibit D** | State Court Action Docket Transactions Sheet. |
| **Exhibit E** | Plaintiff's Verified Original Petition and Request for Temporary Restraining Order filed in the State Court Action, Affidavit of Facts of Dexter Wright, Certificate of Compliance, and Proposed Temporary Restraining Order. |
| **Exhibit F** | Temporary Restraining Order and Order Setting Hearing for Temporary Injunction. |
| **Exhibit G** | Defendant's Original Answer. |
| **Exhibit H** | List of All Counsel of Record. |
| **Exhibit I** | Tarrant Appraisal District Property Details of the Property. |
| **Exhibit J** | Deed of Trust. |
| **Exhibit K** | Certificate of Interested Parties. |

9. Simultaneously with the filing of this Notice of Removal, Wells Fargo as Trustee is: (1) serving Wright with a copy of this Notice of Removal, and (2) filing a copy of the Notice of Removal in the 17th Judicial District Court of Tarrant County, Texas. 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

10. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because Wells Fargo as Trustee is not a citizen of Texas or of the same state as Wright. In addition, the amount in controversy requirement is satisfied, as set forth below.

**A.    Diversity of Citizenship**

11.    For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). Wright is a natural person and has claimed Tarrant County, Texas, as his residence and domicile.[4] Accordingly, Wright is a citizen of Texas for diversity purposes.

12.    Wright has sued Wells Fargo as Trustee in its capacity as trustee. "[T]he citizen of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 20009) (citing *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Brotherhood of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). Wells Fargo as Trustee is a national banking association. Accordingly, its citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo as Trustee's main office is located in Sioux Falls, South Dakota. Therefore, it is a citizen of South Dakota for diversity purposes.

13.    Because Wright is a citizen of Texas and Wells Fargo as Trustee is a citizen of South Dakota, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.    Amount in Controversy**

14.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it

---

[4] Compl., ¶ 2.

is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (mem. op.).

15.  From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs. Wright seeks unspecified actual damages, injunctive relief preventing foreclosure, statutory damages, attorney's fees, pre- and post-judgment interest, court costs, accounting, and a declaratory judgment.[5]

16.  "In actions seeking declaratory or injunctive relief, it is well establishes that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Specifically, the *Farkas* court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. (citing (*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'when . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy

---

[5] Compl., ¶¶ 19–28, 40–58–61, Prayer.

the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

17.     Here, the amount in controversy is readily apparent from the face of the Complaint. Wright seeks to preclude Wells Fargo as Trustee from foreclosing on the Property.[6] As a result, the entire value of the Property is squarely at issue, and the current fair market value of the Property is therefore an appropriate measure of the amount in controversy. *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Waller*, 296 F.2d at 547–48. According to the Tarrant Appraisal District, this value for tax purposes is $603,187.[7] The Deed of Trust also indicates that Wright executed a promissory note for an amount that exceeds the $75,000 jurisdictional minimum.[8] Therefore, the value of the Property independently and cumulatively satisfies the amount-in-controversy requirement. *See, e.g.*, *Farkas*, 737 F.3d at 342–43.

18.     Moreover, to determine the amount in controversy, the Court may consider actual and statutory damages. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n.7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)); *Johnson v. Carmax Auto Superstore, Inc.*, Civ. A. No. SA–08–CA–820–FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (considering attorney's fees, common law damages, statutory damages, and treble damages in determining the amount in controversy). Here, Wright requests actual damages, along with statutory damages by way of asserting his statutory claims under the TDCA.[9]

---

[6] *See generally* Compl.

[7] Wells Fargo as Trustee respectfully requests that the Court take judicial notice of Exhibit I, pursuant to Federal Rule of Evidence 201. *See* FED. R. EVID. 201. The Appraisal District value is not offered as a true market value, but to show that the true market value exceeds the $75,000 threshold.

[8] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo as Trustee respectfully requests that the Court take judicial notice of Exhibit J. FED. R. EVID. 201.

[9] Compl., ¶¶ 56–58.

19. Based on the foregoing, it is apparent from the face of the Complaint, the current tax records for the Property, and the Deed of Trust for the Property that the value of the damages and injunctive relief sought by Wright more likely than not exceeds the $75,000 jurisdictional minimum.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

## IV.   CONCLUSION

WHEREFORE, Wells Fargo as Trustee removes this action from the 17th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 15th day of February 2024, a true and correct copy of the foregoing instrument was served on the following counsel of record ***via eFile Texas and/or email*** according to the Federal Rules of Civil Procedure:

Ryan Daniel
Texas Bar No. 24090604
ryan@ryandaniellaw.com
LAW OFFICES OF RYAN DANIEL
1525 US Hwy 380, Suite 500 #102
Frisco, Texas 75033
Telephone: (469) 688-0621

*Counsel for Plaintiff*

              */s/ Helen O. Turner*
              Counsel for Defendant